# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                             Case No. 8:16-CR-154-T-23AAS

**SEGUNDO BONILLA-CASTRO**
_____/

## DEFENDANT'S MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM IN SUPPORT OF HIS REQUEST FOR A REASONABLE SENTENCE

COMES NOW, the Defendant, SEGUNDO BONILLA-CASTRO, by and through undersigned counsel, and files this sentencing memorandum in support of a sentence below the advisory guideline. Mr. Bonilla-Castro moves this Court for the imposition of a reasonable sentence which is no greater than necessary to comply with the purposes of sentencing enumerated in 18 U.S.C. § 3553(a)(2). As grounds in support of this motion, Mr. Bonilla-Castro states the following:

### I.   MR. BONILLA-CASTRO'S BACKGROUND[1]

Mr. Bonilla-Castro is a 38 year old native of Columbia. Mr. Bonilla-Castro grew up in a poverty stricken area of Guapi, Columbia. Guapi is a municipality of Cauca, and Cauca is considered one of the most violent areas in Columbia.

---

[1] Background information is taken from the Presentence Report ("PSR") and interviews with Mr. Bonilla-Castro.

http://dictionary.sensagent.com/Cauca%20Department/en-en/ His family was very poor, and they struggled to make ends meet. Mr. Bonilla-Castro moved to Ecuador with his mother when his parents separated, and only saw his father occasionally. When Mr. Bonilla-Castro turned 15, he moved back to Columbia to live with his father, and became a fisherman. They lived in a small town, and he recalls that electricity was only provided to the residents from 6pm until 11pm. Growing up, Mr. Bonilla-Castro's parents provided him with everything he needed, and recalls that they were both hard workers. He was devastated when his father passed away of cancer – his last memory was dropping him off at the hospital in Calle, where he would later die, before Mr. Bonilla-Castro was able to see him again.



(Images of the area of "Guapi," taken from Google Images)

Prior to this offense, Mr. Bonilla-Castro led a proud and quite life. He was not able to attend school past the 4th grade because he was the eldest son and needed to help support the family. Mr. Bonilla-Castro is in good health; although he has recently started having migraine headaches. He does not suffer from any

mental issues, but since this offense, he has been extremely depressed because he has lost touch with his family. Mr. Bonilla-Castro does not use illegal substances and only drinks occasionally.

Mr. Bonilla-Castro has no prior convictions; this offense did not involve a weapon or violence, and his involvement was a result of his desire to better the financial situation for his family.

## II.     PROCEDURAL HISTORY AND GUIDELINE CALCULATIONS

On April 2016, the grand jury in the Middle District of Florida returned indictment charging Mr. Bonilla-Castro, and co-defendants with a two-count Indictment – Conspiracy, and Aiding and Abetting to Possess, with the Intent to Distribute 5 kilograms or more of Cocaine, in violation of 46 U.S.C. §§ 70503 (a) and 70506(a), 21 U.S.C. § 960 (b)(1)(B)(ii), and 18 U.S.C. § 2.

On May 23, 2016, Mr. Bonilla-Castro pled guilty to Count 1, pursuant to a plea agreement, and the Court accepted his plea of guilty and adjudication of guilt on June 16, 2016.

The probation officer correctly calculated Mr. Bonilla-Castro's advisory guideline range. PSR ¶¶18-28. With an offense level of 35, and a criminal history category I, Mr. Bonilla-Castro's guideline imprisonment range is **14 years – 17years, 6 months**.

## III.   REQUEST FOR A REASONABLE SENTENCE

Mr. Bonilla-Castro respectfully requests that this Court impose a sentence below the advisory guideline range, as "sufficient but not greater than necessary" to accomplish the purposes of sentencing. The Sentencing Guidelines are now, of course, advisory. *United States v. Booker*, 543 U.S. 220 (2005). Thus, although the recommended guideline range must be taken into account, this Court must follow the "parsimony provision" of 18 U.S.C. § 3553(a), which is the "overarching" command of the statute. *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558, 570 (2007). That provision provides that this Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [§ 3553(a)]." Those purposes set forth in paragraph 2, are: "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

A.  **The Nature and Circumstances of the Offense and the History and Characteristics of Mr. Bonilla-Castro [18 U.S.C. § 3553(a)(1)]**

The history and characteristics of Mr. Bonilla-Castro, as well as the facts and circumstances of this case would justify a departure/variance. Mr. Bonilla-Castro is 38 years old, and like many others in his country, he was struggling to make ends meet. His involvement in criminal conduct is limited to this offense. Mr. Bonilla-Castro was offered a job, and knew the job involved transporting cocaine. Against his better judgment, Mr. Bonilla-Castro took the job – not in greed, but because he wanted his family to "have a better life than what [he] grew up in." Mr. Bonilla-Castro is a loving father to his children and a dedicated partner to his significant other. He is heartbroken that his choices have led to even more despair for his family, and regrets his actions. He hopes that he can return to his family soon and that they can forgive him.

B.  **To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense [18 U.S.C. §3553(a)(2)(A)]**

Mr. Bonilla-Castro has accepted responsibility for his actions, and acknowledged that his behavior was wrong. He related that he did not truly understand the consequences of his actions until he arrived in the United States, sat in jail, and had an opportunity to reflect on his actions. Mr. Bonilla-Castro is

5

already thinking about ways he can make a better life for himself and his family. He is committed to using the time he is incarcerated to learn to read and write English. He would also like to learn a trade (mechanic) that could help to improve his chances of employment once he is returned to his country. Prisons are good for punishing, and Mr. Bonilla-Castro understands the need for punishment; however, he is a first time offender, is not a violent and will eventually be returned to his country. For Mr. Bonilla-Castro, the punitive purpose of sentencing can be achieved with a below-range sentence.

## **CONCLUSION**

After consideration of the factors enumerated in 18 U.S.C. § 3553(a), this Court should find that a sentence below the advisory guideline range is "sufficient but not greater than necessary to achieve the purposes of sentencing." Mr. Bonilla-Castro is a first-time offender who played a minor, albeit necessary, role in the offense of conviction. For all the reasons in this memorandum, Mr. Bonilla-Castro urges the Court to grant his request for a variance, and sentence him below the advisory guideline range as recommended in the PSR.

DATED this 28th day of July, 2016.

                                        Respectfully submitted,

                                        DONNA LEE LEM
                                        FEDERAL DEFENDER

                                        */s/ Yvette C. Gray*
                                        Yvette C. Gray
                                        Bar No. 016516 (Arizona)
                                        Assistant Federal Defender
                                        400 N. Tampa Street, Suite 2700
                                        Tampa, Florida 33602
                                        Phone:     (813)228-2715
                                        Fax:       (813)228-2562
                                        Email:  Yvette_Gray@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of July, 2016, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to the following:

Daniel M. Baeza, AUSA

                                        */s/ Yvette C. Gray*
                                        Yvette C. Gray
                                        Assistant Federal Defender